**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) In Proceedings Under |
| Timothy R. Palmer, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) Case No.: 16-45658-705 |
| _____ | ) |
| | ) Adversary Number: 16-04144-659 |
| Ryan and Laura Vinyard, | ) #1, #13 |
| | )    Hearing: August 1, 2017 |
| Plaintiffs, | )    Reset Hearing: October 24, 2017 |
| | ) |
| vs. | ) |
| | ) |
| Timothy R. Palmer, an individual, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This Matter came before the Court on August 1, 2017 for consideration of Plaintiffs', Ryan and Laura Vinyard, Motion for Default Judgment on their Complaint to Determine Dischargeability of Certain Debts against Defendant, Timothy R. Palmer.  Plaintiffs Ryan and Laura Vinyard, appeared by Counsel, Angela Redden-Jansen, Defendant, Timothy R. Palmer, failed to appear or otherwise respond. The Court hereby makes the following findings of facts and conclusions of law:

1.  On June 19, 2013, Defendant and Plaintiffs entered into a contract with Fair Claims Construction, Inc., (hereinafter "Fair Claims") owned by Defendant and his brother Gregory Michael Palmer, for certain repairs to Plaintiffs' home located at 1123 Claycrest Circle, St. Charles, MO 63304 (hereinafter Claycrest").

2.  With the execution of the contract, Plaintiffs tendered the first payment.

3.  On September 3, 2013 it was discovered that Fair Claims, through Defendant, had submitted an inaccurate claim to Plaintiffs' insurance company for an incorrect grade of siding requiring.

4.  A new claim was required to be submitted to Plaintiffs' insurance company for seamless aluminum siding.

5.  On or about September 17, 2013, the new claim was approved for seamless aluminum siding by Plaintiffs' insurance company.

6.   Contemporaneously with the approval of the new claim, a new contract was entered into between Plaintiffs and Fair Claims changing the contract price to $26,095.32, including the cost of all material and labor, including the installation of a seamless aluminum siding on Claycrest.

7.   After execution of the new contract, Plaintiffs paid an additional $14,582.56.

8.   Defendant hired subcontractors to make certain repairs to Claycrest, but failed and refused to pay the subcontractors subjecting Claycrest to potential mechanic liens to secure payment for services and material provided by the subcontractors.

9.   Defendant failed to deliver the materials to Claycrest for which he received payment from Plaintiffs and/or their insurance company.

10. Defendant used the funds paid to Fair Claims by Plaintiffs for personal obligations and/or to complete other jobs.

11. On December 28, 2013, Plaintiff, Ryan Vinyard, commenced suit against Defendant, Fair Claims and Gregory Michael Palmer in the Circuit Court of St. Charles County, State of Missouri in Cause Number 1311-CC01266 for violating the Missouri Merchandising Practices Act, Breach of Contract and Fraud alleging

    a.   Fair Claims, through its employees and/or agents used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted material facts in the sale of goods services to Plaintiff;

    b.   Defendant expended the funds Plaintiff paid Fair Claims for materials and services on other expenditures without retaining enough funds to pay for the materials and services necessary to complete Claycrest;

    c.   Fair Claims failed to pay subcontractors it hired exposing Claycrest to potential mechanic's liens;

    d.   Defendant represented to Plaintiff that he had the necessary knowledge and skills to install seamless aluminum siding even though Defendant was aware that he was not qualified to perform the installation.

    e.   Defendant represented to Plaintiff that he would be able to install seamless siding despite being aware that the supplier of the seamless aluminum siding would only sell the specified seamless aluminum siding to authorized contractors and Defendant was not an authorized contractor.

12. On February 21, 2014, a default judgment was entered against Fair Claims and Defendant in the amount of $18,701.89 in actual damages plus $2,000.00 in punitive damages together with interest at 9% per annum.

13. The default judgment made a finding that Defendant committed fraud, deception and misrepresentations in its dealings with Plaintiffs thereby violating the Merchandising Practices Act.

14. On April 6, 2014, in the state court action, Plaintiff filed a Motion for Temporary Restraining Order seeking to prevent Defendant and Gregory Michael Palmer from dissipating the bank accounts and assets of Fair Claims.

15. On April 6, 2014, in the state court action, Plaintiff filed a Motion to Pierce the Corporate Veil of Fair Claims on the basis that Fair Claims was the alter ego of Defendant and Gregory Michael Palmer.

16. On April 7, 2014, the state court granted the Plaintiff's Motion for Temporary Restraining Order and ordered the Defendant and Gregory Michael Palmer to not further dissipate the assets or bank accounts of Fair Claims.

17. On April 23, 2014, Defendant was personally served with the Motion to Pierce the Corporate Veil, the Motion for Temporary Restraining Order and the Temporary Restraining Order among other items.

18. On July 1, 2014, the state court entered an order piercing the corporate veil as to Defendant and Gregory Michael Palmer with the consent of Gregory Michael Palmer.

19. After having been served with the Temporary Restraining order Defendant continued to dissipate the assets and bank accounts of Fair Claims in violation of a lawful order.

20. On August 10, 2016, Defendant herein filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

21. Plaintiffs filed this Adversary Complaint on October 13, 2016 seeking a determination regarding the dischargeability of certain debts owed by Defendant to Plaintiffs.

22. On or about October 21, 2016, the Clerk of the Bankruptcy Court for the Eastern District of Missouri, Eastern Division, issued a Summons and Notice of Trial in an Adversary Proceeding ("Summons") which required Defendant to serve on Plaintiffs' counsel a motion or answer to the Complaint within 30 days of the date of issuance of the Summons.

23. On October 24, 2016, Defendant was served with a copy of the Summons and a copy of the Adversary Complaint by the United States Postal Service, via First Class Mail, postage prepaid, as permitted by Federal Rule of Bankruptcy Procedure 7004(b).

24. Plaintiffs filed an Application Requesting Clerk's Entry of Default on February 17, 2017.

25. A Clerk's Entry of Default was entered on February 21, 2017.

26. On March 16, 2017, Defendant filed a Motion to Reconsider Clerk's Entry of Default.

27. On May 2, 2017, the Court entered an order from the bench setting aside the Clerk's Entry of Default, giving the Defendant until May 12, 2017 to file an answer to the Complaint and continuing the matter for status conference until June 13, 2017.

28. On June 13, 2017, Plaintiffs appeared through counsel, Defendant did not appear.

29.  Although Defendant was to have filed an answer by May 12, 2017, no answer has been filed with the court and no motion has been filed requesting an extension of time to respond or otherwise plead.

Upon consideration of the pleadings filed with the court and the record as a whole;

IT IS HEREBY ORDERED that the relief requested in the Motion for Default Judgment is GRANTED in that, pursuant to 11 USC §523 (a)(2)(A), (a)(4) and (a)(6) the debt owed to Plaintiff pursuant to the judgment entered into in the matter of *Ryan Vinyard v Fair Claims Construction, Inc.,* Cause Number 1311-CC012, filed in the Circuit Court of St. Charles County, State of Missouri is determined to be non-dischargeable and not included in general discharge entered in 16-45658-705.

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED:  October 3, 2017
St. Louis, Missouri
jjh

COPY MAILED TO:

**Ryan Vinyard**
1123 Claycrest
St. Charles, MO 63304

**Laura Vinyard**
1123 Claycrest Cir
St. Charles, MO 63304

**Angela Redden-Jansen**
3350 Greenwood Blvd.
Maplewood, MO 63143

**Timothy R Palmer**
4939 Walsh
St. Louis, MO 63109

*Debtor*
**Angela N. Palmer**
4939 Walsh
Saint Louis, MO 63109

**Greg A. Luber**
501 First Capitol Drive
St. Charles, MO 63301

*Trustee*
**Stuart Jay Radloff**
13321 N. Outer 40 Rd, Suite 800
St. Louis, MO 63017

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102